UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALI BEY,<br><br>            Plaintiff,<br>v.<br><br>DETECTIVE J. KERIK, et al.,<br><br>            Defendants. | Civil Action No.<br><br>2:13-cv-02572-SDW-LDW<br><br>**REPORT & RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter, having been opened by the Court *sua sponte* based on plaintiff's failure to comply with this Court's Orders and prosecute his case; and plaintiff having failed to respond to the Order to Show Cause issued by this Court on February 22, 2016; and for good cause shown; it is respectfully recommended that plaintiff's case be dismissed without prejudice.

**BACKGROUND**

On April 24, 2013, plaintiff Wali Bey filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 alleging defendants violated his constitutional rights when officers used excessive force while arresting him, which he contends reflected a pattern in the City of Newark of which city council members were aware. (*See* ECF No. 1). Two Orders to Show Cause subsequently were issued due to plaintiff's failure to appear at Court-ordered appearances. (ECF Nos. 8, 10). At the second Order to Show Cause hearing, which was held on February 18, 2014, the parties agreed to administratively terminate the case without prejudice pending the conclusion of plaintiff's criminal case.

Plaintiff sought to reinstate the action on December 2, 2014. (*See* ECF No. 14). Defendant opposed reinstating the action on the grounds that eight months had passed since plaintiff's conviction, and plaintiff had provided no explanation for the delay in seeking to

reinstate the action sooner. Upon allowing plaintiff to reinstate his case, the Court advised that discovery would be expedited. (ECF No. 24).

On January 7, 2016, plaintiff's attorney advised the Court that she sought to withdraw as counsel due to a breakdown in communication between counsel and plaintiff, which had resulted in counsel's inability to produce outstanding discovery responses to defendants. (ECF No. 40). This Court thus entered an Order directing plaintiff and his counsel to appear before the undersigned on March 22, 2016 and show cause why plaintiff's case should not be recommended for dismissal pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(A)(v). (ECF No. 49). The Order directed plaintiff's counsel to serve the Order on the plaintiff and file a proof of service on the docket, which plaintiff did. (ECF No. 50).

Counsel for both plaintiff and defendant appeared at the March 22, 2016 Order to Show Cause Hearing; however plaintiff did not. To date, the Court has received no correspondence or other communication from plaintiff explaining his absence.

## ANALYSIS

The Federal Rules of Civil Procedure authorize the Court to impose sanctions for failure to respond to Orders and for failure to prosecute a case. *See* Fed. R. Civ. P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.*

In *Poulis v. State Farm Casualty Co.*, 747 F.2d at 863 (3d Cir. 1984) the Third Circuit identified six factors that courts should balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the

effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Fed. R. Civ. P. 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiff's Personal Responsibility.** In this case it appears that plaintiff is responsible for his failure to comply with this Court's Orders and to prosecute his case. It appears plaintiff has failed to pay his counsel for expenses in connection with his case and has ignored his counsel's attempts to contact him in order to complete his outstanding discovery responses. (*See* ECF No. 46). Plaintiff also failed to appear at the Order to Show Cause hearing as directed by the Court.

**2. Prejudice to Defendants.** Plaintiff's refusal to participate in advancing his case and to comply with this Court's Orders has caused manifest injustice to Defendants. Plaintiff initiated this action in 2013, and yet defendants still have received no discovery responses nor affirmative expert reports. (*See* ECF No. 42). Plaintiff's actions, or lack thereof, supports dismissal. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

**3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. For example, plaintiff's apparent failure to communicate with his counsel resulted in an eight-month delay in plaintiff's seeking to reinstate his case after it was administratively terminated. Furthermore,

plaintiff's failure to submit a position paper and to appear for the Order to Show Cause Hearing as required by the Courts' February 22, 2016 Order is especially telling because the Order specifically required plaintiff to identify reasons why his case should not be dismissed for failure to prosecute. Plaintiff's inaction in this regard further supports dismissal.

**4. Willfulness or Bad Faith.** The Court will not conclude that plaintiff has proceeded in bad faith. However, plaintiff's conduct has been willful. Plaintiff has been willfully unresponsive to this Court's proceedings and Orders. These circumstances, when taken as a whole, suggest that plaintiff has abandoned his case and further support dismissal as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, and despite this Court's warning of the consequences of his continued inaction, plaintiff has failed to participate in and prosecute his case. On these facts, no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 2011 WL 2610098 (D.N.J.).

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of plaintiff's claims.

In sum, plaintiff has ignored a Court Order to make an appearance to show cause why his case should not be dismissed, which further demonstrates the pattern of non-compliance and dilatoriness. Plaintiff's failure in this regard establishes Plaintiff's failure to adequately prosecute this matter that he initiated against defendants.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b). The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).


Dated: April 1, 2016

                                                    */s/ Leda Dunn Wettre*
                                                    Hon. Leda Dunn Wettre
                                                    United States Magistrate Judge